UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-251-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ALAN JONES | SENTENCING MEMORANDUM RESPONDING TO GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT |

The Defendant, Michael Alan Jones, by and through counsel, respectfully responds to the government's objection to the correctly-calculated base offense level. The probation officer properly concludes that under *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018), Mr. Jones's prior federal drug conspiracy conviction is not a "controlled substance offense" under U.S.S.G. § 4B1.2. *McCollum* holds that generic conspiracy under § 4B1.2 requires an overt act as an element of the offense. *Id.* at 308. This definition of conspiracy applies to both "crimes of violence" and "controlled substance offenses." *See* U.S.S.G. § 4B1.2 cmt. n.1. Unlike generic conspiracy, federal drug conspiracy does not include an overt act as an element of the offense. Federal drug conspiracy therefore "criminalizes a broader range of conduct than that covered by generic conspiracy." *McCollum*, 885 F.3d at 309. Thus, federal drug conspiracy is not a controlled substance offense under U.S.S.G. § 4B1.2. *See, e.g.*, *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018) (unpublished) (holding that, under *McCollum*, federal drug conspiracy is not a controlled substance offense); *United States v. Martinez-Cruz*, 836 F.3d 1305, 1307 (10th Cir. 2016) (federal drug conspiracy is not a controlled substance offense).

1

Because the government offers no avenue to avoid the clear dictates of *McCollum*, this Court must overrule the government's objection to the base offense calculation. Mr. Jones respectfully requests that this Court overrule the government's objection to the offense level as properly calculated by the probation officer.

## ARGUMENT

### A. The government asks this Court to ignore *McCollum*'s definition of conspiracy.

Conspiracy under § 4B1.2, as defined in *McCollum*, requires an overt act. 885 F.3d at 308; *accord United States v. Garcia-Santana*, 774 F.3d 528, 537 (9th Cir. 2014) (concluding that "an overt act is an element of the generic definition of conspiracy"). This definition of conspiracy applies to both "crimes of violence" and "controlled substance offenses" under the commentary to § 4B1.2. *See* U.S.S.G. § 4B1.2 cmt. 1; *see also McCollum*, 885 F.3d at 307 n.8 (noting that "crimes of violence" and "controlled substance offenses" include conspiring to commit such offenses, and that "[n]othing in the commentary even hints at the possibility that 'conspiracy' has a different meaning depending on the object of the conspiracy.").

The government, however, asks this Court to give conspiracy a different meaning than the definition established by *McCollum*. This Court, of course, is not at liberty to do so. Because the same definition of conspiracy applies to both "crimes of violence" and "controlled substance offenses," *McCollum*'s definition of conspiracy applies equally to a controlled substance offense. As the Supreme Court has noted, "[i]t would be an extraordinary principle of construction that would authorize or permit a court to give the same statute wholly different meanings in different cases[.]" *United States v. Louisiana (Louisiana Boundary Case)*, 394 U.S. 11, 34 (1969). Because *McCollum*'s

definition of conspiracy under § 4B1.2 requires an overt act, and because federal drug conspiracy lacks this necessary element, it cannot qualify as a controlled substance offense.

### B. The Sentencing Commission chose not to define conspiracy.

The government argues that the Sentencing Commission has always intended to include federal drug conspiracy as a controlled substance offense. Yet, the Guidelines do not define the term "conspiracy. If the Commission meant to include federal drug conspiracy, it could have easily said so. As *McCollum* observes, "[w]hen the Commission wants to single out federal laws, it can—and does—do so explicitly." 885 F.3d at 306. Indeed, in § 4B1.2's crime of violence definition, the Commission specifically enumerated federal crimes. *See* U.S.S.G. § 4B1.2(a)(2) (listing "use or unlawful possession of a firearm described in 26 § U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c)"). But the Commission chose not to do the same with conspiracy, leaving the term open to judicial interpretation. The Fourth, Ninth and Tenth Circuits have all held that conspiracy under § 4B1.2 requires an overt act. *McCollum*, 885 F.3d at 308; *Martinez-Cruz*, 836 F.3d at 1307; *Garcia-Santana*, 774 F.3d at 537. If the Commission disagrees with this definition of conspiracy, it is free to clarify its intent by amending the Guidelines. So far, the Commission has not done so. Until it does, this Court must rely on the definition set forth in *McCollum*.

### C. *Kennedy* is irrelevant.

The government contends that *McCollum* was wrongly decided[1], and that the Fourth Circuit's prior decision in *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994)

---

[1] Notably, the government never petitioned for rehearing in *McCollum*.

3

should control. This argument is a red herring. It is well settled that unless an issue is squarely addressed in a prior decision, the decision is not binding or persuasive as to the unaddressed issue. *See, e.g.*, *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed [it], we are free to address the issue on the merits."); *United States v. McLeod*, 808 F.3d 972, 977 (4th Cir. 2015) (explaining that this Court's previous statement in a published decision that South Carolina burglary "tracks the generic definition of burglary" did not control whether South Carolina burglary constituted generic burglary because "[t]he holding [in the previous decision] did not focus on that issue, as it was not briefed and argued to the court"); *Puentes Fernandez v. Keisler*, 502 F.3d 337, 343 n.2 (4th Cir. 2007) ("We are bound by holdings, not unwritten assumptions.").

*Kennedy* addressed only whether the Sentencing Commission has the statutory authority under 28 U.S.C. § 994(a)–the Commission's enabling statute–to include conspiracies as "controlled substance offenses" under § 4B1.2(b). *Kennedy*, 32 F.3d at 888-90. The Fourth Circuit held that the Commission does have such statutory authority. *Id.* However, *Kennedy* never addressed the generic definition of conspiracy (the issue presented in *McCollum*) or compared federal drug conspiracy to generic conspiracy using the categorical approach (the issue in *Whitley*). Because the only issue raised in *Kennedy* was the question of statutory authority, *Kennedy* is irrelevant to the issues here.

### D. *McCollum* governs the outcome in *Whitley*.

Finally, the government urges the Court to disregard *Whitley*, because the decision is unpublished. That the panel in *Whitley* did not request argument, however, suggests that the Fourth Circuit believed that "the dispositive issue or issues [raised in

4

*Whitley*] ha[d] been authoritatively decided" by *McCollum*. Fed. R. App. P. 34(a)(2)(B) (setting forth standards for oral argument). Accordingly, the lack of a published decision in *Whitley* only confirms that *McCollum* controls the outcome here. The government also complains that after *McCollum* was decided, the Fourth Circuit decided *Whitley* without further briefing or argument by the government. But the government petitioned for panel rehearing in *Whitley*, presenting arguments identical to the ones it now makes before this Court. *See* Gov't Pet. Reh'g, *United States v. Whitley*, No. 17-4343 (4th Cir. Aug. 9, 2018). Tellingly, the Fourth Circuit denied the petition for rehearing without even requesting a response from counsel for Mr. Whitley. The Fourth Circuit's denial of rehearing in *Whitley* confirms that, consistent with *McCollum*, federal drug conspiracy is not a controlled substance offense under U.S.S.G. § 4B1.2.[2] Accordingly, Mr. Jones asks this Honorable Court to overrule the government's sentencing objection.

---

[2] Another judge within the Eastern District recently overruled the government's identical objection in the case of *United States v. Xavier Judd*. *See* Sent. Hr'g Tr. at 19, *United States v. Xavier Judd*, No. 5:17-CR-413-D, DE-91 (Nov. 19, 2018).

5

## **CONCLUSION**

For the reasons stated herein, Michael Alan Jones asks this Honorable Court to overrule the government's sentencing objection.

Respectfully requested this 4th day of December, 2018.

        G. ALAN DUBOIS
        Federal Public Defender

        ***/s/ Lauren Harrell Brennan***
        LAUREN HARRELL BRENNAN
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        150 Fayetteville Street, Suite 450
        Raleigh, North Carolina 27601
        Telephone: 919-856-4236
        Fax: 919-856-4477
        E-mail: Lauren_Brennan@fd.org
        N.C. State Bar No. 36648
        LR 57.1 Counsel

        Appointed

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

SCOTT A. LEMMON
PHILLIP A. RUBIN
Assistant United States Attorneys
310 New Bern Avenue
Suite 800
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on December 4, 2018, using the CM/ECF system which will send notification of such filing to the above.

This the 4th day of December, 2018

*/s/ Lauren Harrell Brennan*
LAUREN HARRELL BRENNAN
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Lauren_Brennan@fd.org
N.C. State Bar No. 36648
LR 57.1 Counsel
Appointed